a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| MARTIN DWIGHT RANDALL, Petitioner | CIVIL DOCKET NO. 1:19-CV-1158-P |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docs. 1, 6) filed by *pro se* Petitioner Martin Dwight Randall ("Randall"). Randall is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Randall challenges the calculation of his sentence by the BOP, as well as the legality of his conviction.

Because Randall cannot show an error in the manner in which his sentence is being executed, the sentence computation claim should be DENIED. Because Randall's claim of ineffective assistance of counsel and his request for a new trial must be raised in a motion under 28 U.S.C. § 2255, these claims should be DISMISSED for lack of jurisdiction.

## I.   Background

According to the Petition and Exhibits (Docs. 1, 1-2), Randall was arrested on August 31, 2011 by the United States Marshals Service for possession of a firearm by

a convicted felon.  (Doc. 1-2, p. 1).  Randall pleaded guilty and was sentenced to 44 months of imprisonment on January 11, 2012.  (6:11-CR-231, W.D. Tex., Docs. 27, 29).

Randall alleges that, while serving his sentence, he was transferred to a Residential Reentry Center in Waco, Texas.  (Doc. 1, p. 2).  On November 4, 2014, Randall escaped.  (Doc. 1, p. 2; Doc. 1-2, p. 1).

On December 16, 2014, Randall was arrested by Texas authorities on several state charges unrelated to the escape.  (Doc. 1-2, p. 1).  He was convicted and sentenced to two years of imprisonment for criminal mischief, four years of imprisonment for evading arrest with a motor vehicle, 240 days of imprisonment for assault causing bodily injury, and 240 days of imprisonment for resisting arrest. (Doc. 1-2, p. 1).

On January 13, 2015, Randall was charged in federal court by superseding indictment with escape from custody and possession of a firearm by a convicted felon. (6:14-CR-0254, W.D. Tex., Doc. 5).  Randall was temporarily borrowed from state custody by the United States Marshal Service pursuant to a writ of habeas corpus *ad prosequendum*.  (6:14-CR-0254, W.D. Tex., Doc. 12).

Randall pleaded guilty to the federal escape charge pursuant to a plea agreement, and he was sentenced to 33 months of imprisonment.  (6:14-CR-0254, W.D. Tex., Docs. 31, 39).  After the federal sentencing, Randall was returned to state custody to complete his state sentences.  (Doc. 1-2, p. 2).

On December 14, 2018, Randall was released from state custody on parole and taken into federal custody for service of his federal sentence.  (Doc. 1-2, p. 2).

## II.   Law and Analysis

Randall argues that his federal and states sentences should run concurrently with one another.  (Doc. 1, p. 4).  Randall also alleges that his attorney rendered ineffective assistance.  (Doc. 1, p. 3).  Finally, Randall claims that he may be entitled to a new trial on the escape charge.  (Doc. 1, p. 5).

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed.  See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)).  In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing.  See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)).  The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable."  28 U.S.C. § 2255(b).

Randall's claim that he may be entitled to a new trial is based on alleged errors at sentencing.  (Doc. 1, p. 5).  Therefore, the claim must be pursued through a § 2255 motion in the court of conviction.  Randall's claim that counsel was ineffective also presents an alleged error that occurred at or prior to sentencing and must be raised in the court of conviction.  See Cox, 911 F.2d at 1113.

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP.  See U.S. v. Wilson, 503 U.S. 329 (1992).  The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).  Therefore, Randall's claim regarding the computation of his federal sentence is properly raised in this § 2241 Petition.  However, the claim is meritless.

When a federal judgment is silent regarding whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. See 18 U.S.C. § 3584(a); U.S. v. Jack, 566 F. App'x 331, 332 (5th Cir. 2014); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003).  At the time of Randall's sentencing on the escape charge, the federal court did not order his federal sentence to run concurrently with the prior federal sentence or with the state sentence.  (6:14-CR-0254, W.D. Tex.; Doc. 39). Therefore, the sentences are presumed to run consecutively.

Title 18 U.S.C. § 3585 provides that a sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to

4

commence service of sentence at, the official detention facility at which the sentence is to be served. It also provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

The BOP computed Randall's aggregate federal sentence as a 77-month term of imprisonment—44 months for his original federal sentence and 33 months for his second federal sentence—beginning August 31, 2011, the date of his first federal arrest.  (Doc. 1-2, p. 2).  Randall's first federal sentence commenced on January 10, 2012.   Therefore, he received credit from that date until the date of his escape, November 4, 2014.  The BOP gave Randall credit from August 31, 2011 through September 7, 2011—the date he was released on bond—and October 3, 2011—the day bond was revoked—through January 10, 2012, the day before his first federal sentence commenced.  Randall received no credit for the time he was not incarcerated due to his escape.  Because Randall received state sentence credit from the date of his arrest on state charges—December 16, 2014—until the date he was returned to federal custody—December 14, 2018—he cannot also receive credit against his federal sentence.  (Doc. 1-2, pp. 1-3).  See 18 U.S.C. § 3585(b).

III.   Conclusion

Because Randall cannot show any error in the manner in which his sentence is being executed, the sentence computation claim should be DENIED and DISMISSED WITH PREJUDICE.  Because Randall's claim of ineffective assistance of counsel and request for a new trial must be raised in a motion under § 2255, these claims should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of the claims[1].

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed without prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 23rd day of October 2019.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7